# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| MARCUS COOK, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| VS. | * | CASE NO. 4:05-CV-32 (CDL) |
| | * | 42 U.S.C. § 1983 |
| DEPUTY WARDEN OF CARE AND | * | |
| TREATMENT, DOTSON, DEPUTY | * | |
| DEPUTY WARDEN OF | * | |
| ADMINISTRATION, KEYS, CERT. | * | |
| TEAMS, and DR. AINA, | * | |
| | * | |
| Defendants. | * | |

## ORDER OF DISMISSAL

Plaintiff, MARCUS COOK, a former inmate at Rutledge State Prison, filed the above styled Section 1983 action on April 4, 2005, seeking five million dollars in damages from each of the Defendants. On May 9, 2005, this court reconsidered Plaintiff's request to proceed *in Forma Pauperis*, finding that he was unable to pay the entire $250 filing fee at one time. Thus, he was ordered to pay six equal installments of $41.67, with the first payment due by June 5, 2005. The order plainly stated that if the first payment was not received by the clerk's office on June 5, 2005, Plaintiff's claim would be dismissed for want of prosecution. To date, the Plaintiff has failed to comply with this court's order regarding either the first or second installments of the filing fee.

As to the merits of his claim, the Plaintiff contends that while incarcerated in the Rutledge State Prison, he went on a hunger strike. His complaint alleges that during his self-

imposed hunger strike, after he blacked out, the Defendants attempted to provide him with an IV, but he refused. He states that he was then placed on a bench for two hours before being sent back to a cell where he later began to eat. Plaintiff has pled no injury as required to maintain a § 1983 action. The PLRA provides at 42 U.S.C. § 1997e (e):

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Additionally, the Eleventh Circuit Court of Appeals has recently held in an en banc decision that the physical injury requirement even applies to claims of a constitutional nature and must be more than *de minimis*. *Harris v. Garner*, 190 F.3d 1279, 1286 (11th Cir. 2000).

Pursuant to 28 U.S.C. § 1915 (e)(2)(B), the court is required to dismiss on its own motion any Section 1983 action brought with respect to prison conditions, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A review of the allegations made by the Plaintiff fail to reveal any constitutional violations on the part of the Defendants. As such, the claims are deemed frivolous by this court.

It should be noted that this plaintiff has had more than three prior prisoner actions dismissed as frivolous pursuant to 28 U.S.C. § 1915(g). **See Cook v. Nelson**, CV398-65 (S.D. Ga. March 11, 1999); **Cook v. Fountain**, CV 598-93 (S.D. Ga. February 2, 1999); **Cook v. Nail**, CV598-78 (S.D. Ga. January 20, 1999); **Cook v. Johnson**, 98-CV-374 (M.D. Ga. February 8, 1999); **Cook v. Crews**, 00-CV-1007 (N.D. Ga. May 10, 2000); **Cook v.**

*Jackson*, 00-CV-1485 (N.D. Ga. July 13, 2000); *Cook v. Jackson*, 01-CV-669 (N.D. Ga. April 30, 2001); *Cook v. Hicks*, 01-CV-1807 (N.D. Ga. August 21, 2001); *Cook v. State of Georgia*, 02-CV-45 (N.D. Ga. June 28, 2002); and *Cook v. Moskowitz*, 02-CV-3509 (N.D. Ga. January 16, 2003).

WHEREFORE, IT IS HEREBY ORDERED that Plaintiff's Complaint be DISMISSED for want of prosecution and for being frivolous.

So Ordered, this 5th Day of July, 2005.

               S/ G. MALLON FAIRCLOTH
               UNITED STATES MAGISTRATE JUDGE

sWe